UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-mj-03362-JG-3

UNITED STATES OF AMERICA,

v.

JESSICA CARDENAS HIDALGO, et al.,
        Defendants.
_____/

## ORDER ON DEFENDANT CARDENAS' RENEWED MOTION FOR RETURN OF PROPERTY

Defendant Jessica Cardenas Hidalgo ("Cardenas") was arrested -- along with three of her co-workers -- upon arrival at Miami International Airport from Ecuador on October 20, 2015. Each Defendant was found with substantial cash on hand; Cardenas in particular was found to have $9,350.00 in cash.

On October 21, 2015, a Criminal Complaint was entered against Defendants, charging them with Structuring and Attempting to Structure Transactions to Evade Reporting and Aiding and Abetting. [ECF No. 1]. On October 30, 2015, the Government voluntarily dismissed the complaint against Cardenas. [ECF No. 27]. The $9,350.00 seized from Cardenas was not returned to her.

Cardenas filed a Motion for Return of Property under Federal Rule of Criminal Procedure 41. [ECF No. 37].[1] Cardenas, citing to *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001), claims that, according to Rule 41(g),[2] she has a right to the return of her property or the Government must demonstrate that it has a legitimate reason to retain the property. However, a Rule 41(g) "motion is unavailable . . . when property is retained pursuant to civil forfeiture instead of for use as evidence." *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999).

According to the Government's Response, Customs and Border Patrol (the "CBP") "is still continuing administrative forfeiture proceedings" against the money seized from, and sought by, Cardenas. [ECF No. 40, p. 1]. Furthermore, the Government attached the multiple means of notice that the CBP employed concerning its proceedings against the money. [ECF Nos. 40-1; 40-2].

Cardenas claims that she "has not received a letter, fax, e-mail or any other correspondence from the CBP as to the return of her monies." [ECF No. 37, p. 1]. However, the CBP sent direct notice of the seizure and intent to forfeit to Cardenas via USPS regular mail and registered mail to the only address they had for her in Ecuador.

---

[1]     Cardenas filed an initial motion [ECF No. 35] to return property that was stricken [ECF No. 36] for failure to comply with local Rule 88.9's conferral requirement.

[2]     The Undersigned notes that Cardenas relies on Rule "41(e)," which is the former version of Rule 41(g), the adjustment being made in 2002. *See* Fed. R. Crim. P. 41, Adv. Comm.

[ECF Nos. 40, p. 1; 40-1]. The notice included an explanation of options Cardenas had at her disposal for attempting to obtain return of the money. [ECF No. 40-1]. Additionally, the CBP published its notice of seizure and intent to forfeit between January 8, 2016, and February 7, 2016. [ECF No. 40-2]. According to the Government, the deadline to file a claim was March 8, 2016.

Accordingly, the Undersigned **denies** Cardenas' Motion.[3]

**DONE and ORDERED,** in Chambers, in Miami, Florida, June 24, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

---

[3] This ruling is not intended to voice a view on whether Cardenas is still able to pursue her claim administratively with the CBP.